UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATAPULT LEARNING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV935SNL |
| ) | |
| BOARD OF EDUCATION OF THE ) | |
| CITY OF ST. LOUIS and ) | |
| PAIDEIA ACADEMY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed an amended two-count complaint against the defendants for breach of contract (Count I) and unjust enrichment (Count II) in connection with the alleged non-payment for services provided to defendant Paideia Academy by the plaintiff. This action is in federal court on diversity jurisdiction. This matter is before the Court on defendant Board of Education of the City of St. Louis' (hereinafter referred to as the Board) motion to dismiss (#13), filed June 25, 2007. Responsive pleadings have now all been filed and this matter is ripe for disposition.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule

12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

In its complaint, plaintiff alleges that its predecessor Education Station, L.L.C. provided supplemental educational services to certain students at defendant Paideia Academy, a St. Louis charter school. Plaintiff contends that it is owed $145,000.00 for these services. In support of its amended complaint for non-payment of services, plaintiff alleges that it entered into a written contract with defendant Paideia Academy to provide supplemental educational services to students at Lyle Academy during the 2005-06 school year. Plaintiff has attached a copy of this written contract to its original complaint as Exhibit 1. Plaintiff contends that these services were provided in accordance with the No Child Left Behind Act, 20 U.S.C. §6316.

Plaintiff does not allege that defendant Board was a signatory to the subject contract. Plaintiff does not allege that the subject contract in any way obligates the defendant Board to assume financial responsibility for the alleged services provided. Finally, the plaintiff does not allege that Paideia Academy is a representative authorized to sign contracts on behalf of the Board.

Defendant Board contends that the amended complaint must be dismissed against it because there is no written contract between the plaintiff and the Board. It argues that pursuant to §432.070 R.S.Mo., no cause of action exists against a school district unless the school district is a signatory to a written contract. It further contends that §432.070 R.S.Mo. bars any claim for unjust enrichment. The plaintiff contends that the Board is obligated to pay for the alleged services provided pursuant to the No Child Left Behind Act (NCLB). Defendant Board counters that the NCLB does not provide for a private cause of action as set forth in this litigation.

3

After careful consideration of the matter, including review of the parties' pleadings and relevant caselaw, the Court will grant the instant motion to dismiss.

Under Missouri law, all valid contracts to which a school district is a party must be in writing. *See*, DeMarr v. Kansas City, Missouri School District, 802 S.W.2d. 537, 541 (Mo.App. 1991); Monroe v. Westfall, 2006 WL 146219 (E.D.Mo. 2006)[1]. The requirements of §432.070 R.S.Mo. are mandatory, not directory. DeMarr, *citing* Klotz v. Savannah R-III School Dist., 747 S.W.2d. 708, 710 (Mo.App. 1988)(internal citation omitted). Any contract action involving a Missouri school district must plead and prove the kind of contract required by §432.070. Id. Thus, the statutory elements that plaintiff Catapult Learning must plead include: 1) there is a contract between it and defendant Board; 2) the contract is in writing and dated when it was made; 3) the contract is subscribed to by the parties to the contract or their agent's authorized by law; 4) the contract was made within the scope of the Board's powers or was expressly authorized by law; and 5) the contract was made upon a consideration wholly to be performed or executed subsequent to the making of the contract. *See*, DeMarr, at 541.

Plaintiff has wholly failed to attach to its amended complaint or plead the existence of a contract which comports with the mandatory requirements of §432.070. There is no written contract, signed by plaintiff and the Board, in existence. There is only the Agreement signed by plaintiff and defendant Paideia Academy. Plaintiff has not pleaded nor has attached any document which purports showing that the Board subscribed to the agreement between plaintiff and defendant Paideia Academy. Plaintiff does not plead nor has attached any document showing that Paideia Academy was the Board's "agent" authorized by law and duly appointed to enter into any

---

[1] Although it is not this Court's ususal practice to cite unpublished opinions, it will do so if the unpublished opinion is relevant to the issue at hand.

4

agreement with plaintiff on the Board's behalf. Plaintiff has failed to plead and cannot prove the existence of a written contract between it and defendant Board which complies with the mandatory requirements of §432.070 R.S.Mo. and thus, Count I of plaintiff's amended complaint will be dismissed against defendant Board.

Since plaintiff has not pled nor can prove the existence of a written contract which complies with §432.070 R.S.Mo., it cannot assert an "unjust enrichment" claim against defendant Board. Missouri case law consistently holds that "theories of estoppel, ratification, or implied contract may not be advanced to circumvent the statute [Section 432.070 R.S.Mo.]." DeMarr, at 541 *citing* Klotz, at 710. Section 432.070 R.S.Mo. has been routinely interpreted by Missouri courts to preclude recovery against a school district on any theory of implied contract. Mays - Maune & Associates v. Werner Bros., 139 S.W.3d. 201, 208-09 (Mo.App. 2004); Strain-Japan R-16 School District v. Landmark Systems, 51 S.W.3d. 916, 922 (Mo.App. 2001). A claim for unjust enrichment is a claim based upon a theory of implied contract; thus, it is prohibited pursuant to §432.070 R.S.Mo. and Missouri caselaw. Mays-Maune & Associates, at 208-09; Strain-Japan R-16 School District, at 922. Count II of plaintiff's amended complaint will be dismissed against defendant Board.

Finally, in apparent concession that its claims against defendant Board are precluded by the application of §432.070 R.S.Mo., plaintiff attempts to bolster its arguments by asserting that it is still entitled to recovery against the Board based on the No Child Left Behind Act (NCLB), 20 U.S.C. §6311. Plaintiff's argument is meritless.

The NCLB Act is a comprehensive education reform statute directed at all states. 20 U.S.C. §6301(1)-(12). The purpose of the statute is to "ensure that all children have a fair, equal and significant opportunity to obtain a high quality education and reach, at a minimum,

5

proficiency on challenging State academic achievement standards and state academic assessments." 20 U.S.C. §6301.

In furtherance of the Act's purpose, it proscribes, among other things, that tutoring for low income students, aka, "supplemental educational services (SES)" be provided; i.e., "[I]n the case of any school described in paragraph (5), (7), or (8) of subsection (b) of this section, the local educational agency serving such school shall, subject to this subsection, arrange for the provision of supplemental educational services to eligible children in the school . . .". 20 U.S.C. §6301 *et. seq.*; Alliance for Children, Inc. v. City of Detroit Public Schools, 475 F.Supp.2d. 655, 660 (E.D.Mich. 2007). The only remedy available under the NCLB Act for noncompliance of this provision, or any provision under the Act, lies with the Secretary of Education; i.e., allows the Secretary of Education to withhold "funds for State administration under this part until the Secretary determines that the State has fulfilled those requirements." 20 U.S.C. §6311(g)(2).

In order for an individual to bring a claim under the Act, the Act must confer a private cause of action. In order to determine whether a federal statute can be enforced privately, a court must decide whether or not Congress intended to confer individual rights upon a class of beneficiaries. Gonzaga University v. Doe, 536 U.S. 273, 285 (2002). The language of the statute must not only demonstrate an intent to confer a private right, but also a private remedy. Alexander v. Alabama Department of Public Safety, 532 U.S. 275, 286 (2001). No basis for private enforcement exists without Congressional manifestation of "unambiguous intent to confer individual rights." Gonzaga, 536 U.S. at 286.

The courts that have reviewed the NCLB Act pursuant to the application of the reasonings of the Alexander and Gonzaga Courts have concluded that there is nothing in the NCLB Act which shows any Congressional intent to create a private cause of action. Alliance for Children v.

City of Detroit Public Schools, *supra.*; Fresh Start Academy v. Toledo Board of Education, 3663 F.Supp.2d. 910 (N.D.Ohio 2005); Holder v. Gienapp, 2007 WL 952039 (D.N.H. 2007)[2]; Marinnie v. Palmyra Board of Education, 2007 WL 894211 (D.N.J. 2007); Dunleavy v. The State of New Jersey, 2006 WL 3780673 (D.N.J.2006); Coachella Valley Unified School District v. State of California, 2005 WL 1869499 (N.D.Cal. 2005).

The Court has carefully reviewed the NCLB Act and the prevailing caselaw addressing the issue of whether the Act confers a private right of action. The Court agrees with the cited courts' analysis and application of the Alexander and Gonzaga opinions and concurs that the NCLB Act does not show any Congressional intent to confer a private cause of action and remedy. Thus, plaintiff's reliance upon the NCLB Act for support of his claims against the Board fails.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Board of Education for the City of St. Louis' motion to dismiss (#13) be and is **GRANTED**. The defendant Board is **DISMISSED WITH PREJUDICE** from the entirety of this case.

Dated this   17th   day of September, 2007.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

---

[2]Once again, unpublished opinions are cited due to their relevancy to the issue at hand.